UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN DOE, individually and on behalf of all the members of the Class of persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ENTERTAINMENT SHOPPING INC., a foreign corporation; WELLINGTON PARTNERS; and AUGUST CAPITAL,<br><br>Defendants. | No.<br><br>**NOTICE OF REMOVAL** |

**TO:**       **THE CLERK OF THE COURT**

**AND TO:**    **PLAINTIFF THROUGH HIS COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that, for the reasons set forth below, defendant Entertainment Shopping, Inc. ("Entertainment Shopping"), through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of Washington in and for King County to the United States District Court for the Western District of Washington. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446 and 1453, and Western District of Washington Civil Rule 101.

NOTICE OF REMOVAL - 1

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 Tel: 206.839.4800

In support of its removal of this action, Entertainment Shopping states as follows:

1. On or about September 21, 2010, plaintiff John Doe filed this lawsuit in the Superior Court of the State of Washington in and for King County, Case No. 10-2-33401-7 SEA. A copy of plaintiff's state court complaint (the "Complaint") is attached to this Notice as **Exhibit A**.

2. This Notice of Removal is filed within thirty days of service of process on Entertainment Shopping and within thirty days of service of process on all other defendants and is therefore timely under 28 U.S.C. § 1446.

3. The Superior Court of the State of Washington in and for King County is located within the Western District of Washington. Venue is therefore proper under 28 U.S.C. § 1441(a).

4. All defendants consent to this removal.

**REMOVAL IS PROPER BASED ON FEDERAL QUESTION JURISDICTION**

5. This lawsuit is properly removable under 28 U.S.C. § 1441(a)-(c) because this Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331.

6. This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because the Complaint alleges a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq. See* Complaint ¶¶ 54-76.

**REMOVAL IS PROPER PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

7. This lawsuit is subject to removal pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453 ("CAFA"). CAFA grants federal courts original jurisdiction over, and permits removal of, class actions in which: (1) the aggregate number of proposed plaintiffs is 100 or more; (2) any member of a class of plaintiffs is a citizen of a state different from any defendant, thus establishing the so-called "minimal diversity"; (3) the primary defendants are not states, state officials, or other governmental entities; and (4) the aggregate

1  amount in controversy of all of the putative class members' claims exceeds $5,000,000,
2  exclusive of interest and costs.  *See* 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(A)-(B), and (d)(6).

3      8.   Those jurisdictional requirements are satisfied by the allegations contained in
4  plaintiff's Complaint.  Accordingly, this Court has original jurisdiction over this lawsuit
5  pursuant to 28 U.S.C. § 1332(d), and this lawsuit is subject to removal pursuant to 28 U.S.C.
6  § 1453.

7      a.   **Plaintiff Seeks Relief On Behalf Of A Class Consisting Of More**
8  **Than 100 Members**.  In the Complaint, plaintiff claims to seek relief on behalf of a class of
9  "[a]ll persons who, from the date six years prior to the filing of the complaint to the date of
10 judgment in this case, paid a fee to Entertainment Shopping Inc. for the right to enter auctions
11 and bid on merchandise."  *See* Complaint ¶ 51.  Plaintiff alleges that the number of putative
12 class members is "in the tens of thousands."  *Id.* ¶ 53.  Based on those allegations, the aggregate
13 number of class members that plaintiff claims to represent is greater than 100 and thus satisfies
14 28 U.S.C. § 1332(d)(5)(B).

15     b.   **Plaintiff Is A Citizen Of A Different State Than Entertainment**
16 **Shopping**.  Plaintiff alleges that he is a citizen of the state of Washington.  *See* Complaint
17 ¶ 1.1.  Entertainment Shopping is a Delaware corporation with its principal place of business in
18 California.  Accordingly, Entertainment Shopping is a citizen of the states of Delaware and
19 California.  The minimal diversity required by CAFA is present because plaintiff and
20 Entertainment Shopping are citizens of different states.  28 U.S.C. § 1332(d)(2)(A).

21     c.   **Entertainment Shopping Is Not A State, State Official, Or Other**
22 **Government Entity**.  As stated above, Entertainment Shopping is a Delaware corporation, and
23 the other named defendants are also non-government entities.  The requirement of 28 U.S.C.
24 § 1332(d)(5)(A) is therefore satisfied.

25     d.   **The $5,000,000 Amount-In-Controversy Requirement Is Satisfied**.
26 In the Complaint, plaintiff alleges that the purported class has suffered damages including, but

not limited to, "millions of dollars" in fees paid to Entertainment Shopping.  *See* Complaint ¶¶ 73, 75, 83.  Plaintiff alleges that the purported class is entitled to treble any actual damages. *See* Complaint ¶¶ 76, 85, 133.  Plaintiff also alleges that the purported class is entitled to recover "all money received" by Entertainment Shopping from any purported class member. *See* Complaint ¶ 121.  In sum, plaintiff seeks, at a minimum, damages representing the total revenue that Entertainment Shopping has earned from users in the United States and, at a maximum, damages representing up to three times that amount.  Since Entertainment Shopping launched its United States operations in 2008, Entertainment Shopping has earned revenue from United States users in excess of $5,000,000.  *See* Declaration of Frank Han (**Exhibit C**) ¶ 2.  Thus, Entertainment Shopping believes in good faith that the aggregate amount of the class members' claims exceeds $5,000,000, and the amount-in-controversy requirement of 28 U.S.C. § 1332(d)(6) is satisfied.

      9.     Pursuant to 28 U.S.C. § 1446(d), Entertainment Shopping will promptly provide notice of this Notice of Removal to the Superior Court of the State of Washington in and for King County.

      10.    A true and correct copy of this Notice of Removal is being served on plaintiff through counsel, pursuant to 28 U.S.C. § 1446(d).

      11.    Pursuant to 28 U.S.C. § 1446(a) and Local Rule 101(b), and the conjoined verification of Stellman Keehnel, attached as **Exhibit B** is a copy of all pleadings and documents filed in the state court lawsuit and all other process served upon Entertainment Shopping in the state court lawsuit (other than plaintiff's Complaint, which is attached as **Exhibit A**).

      12.    By removing this lawsuit, Entertainment Shopping does not waive any defenses, objections, or motions available to it under state and federal law.

      WHEREFORE, pursuant to 28 U.S.C. §§ 1441, 1446, 1453, 1331, and 1332, and Western District Local Rule 101, Entertainment Shopping hereby removes this lawsuit

from the Superior Court of the State of Washington in and for King County to the United States District Court for the Western District of Washington.

Dated this 22nd day of November, 2010.

*s/ Stellman Keehnel*
Stellman Keehnel, WSBA No. 9309
Bradley T. Meissner, WSBA No. 39592
DLA PIPER LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104
Tel:  206.839.4800
Fax:  206.839.4801
E-mail: stellman.keehnel@dlapiper.com
E-mail: bradley.meissner@dlapiper.com

Attorneys for Defendant Entertainment Shopping, Inc.

**VERIFICATION**

Pursuant to Western District of Washington Local Rule 101(b), the undersigned counsel for Entertainment Shopping hereby verifies that the pleadings and other documents attached hereto as **Exhibit A** and **Exhibit B** are true and complete copies of the pleadings and documents in the state court proceeding and all process served on Entertainment Shopping.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED at Seattle, Washington this 22nd day of November, 2010.

*s/ Stellman Keehnel*
Stellman Keehnel, WSBA No. 9309

# CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served on the 22nd day of November, 2010, on counsel of record for plaintiff as stated below in the manner indicated:

*Via Hand Delivery:*

William W. Houck, WSBA No. 13324
Houck Law Firm, P.S.
4045 262nd Avenue SE
Issaquah, WA  98029
Tel:  425.392.7118

Attorneys for Plaintiff

I declare under penalty of perjury that the foregoing is true and correct.

Dated at Seattle, Washington this 22nd day of November, 2010.

*s/ Stellman Keehnel*
Stellman Keehnel, WSBA No. 9309

WEST\222766310.1